Rockingham,
No. 5161.

NICHOLAS WUJNOVICH *v.* EZRA T. COLCORD *& a.*

Argued June 2, 1964.
Decided July 17, 1964.

*Russell H. McGuirk* and *Robert Shaw* (*Mr. McGuirk* orally), for the plaintiff.

*Perkins, Holland & Donovan* (*Mr. Robert B. Donovan* orally), for the defendant Ezra T. Colcord.

*Wayne J. Mullavey* (by brief and orally), for the defendant Motors Insurance Company.

BLANDIN, J. The plaintiff's position, as stated in his brief, is that "The real issue in this case is whether the plaintiff an innocent purchaser is required to prove his vendor's title or to prove the lack of title of the insurance company."

It is too elementary to require citation that the ultimate burden of proving his case was on the plaintiff. It is also the universal rule that the burden was on the plaintiff to prove that the seller, Colcord, did not have a good title and thereby breached his warranty under RSA 346:13 I, now RSA 382-A:2-312 (1) (a); *Johnson & Sons* v. *United States*, 153 F. 2d 534 (4th Cir. 1946); 46 Am. Jur., Sales, *ss.* 309, 409. In his action against the defendant insurance company, the plaintiff again had the usual burden to show, as was his claim, that he had good title and that the seizure by the insurance company was unlawful. *Carey* v. *Cyr*, 150 Me. 405; 89 C.J.S., Trover and Conversion, *s.* 116; 53 Am. Jur., Trover and Conversion, *s.* 178.

There were no requests for findings of fact or rulings of law. In effect, the sole exception briefed or argued by the plaintiff was to the Court's verdicts. It is undisputed, as shown by a conditional sales agreement introduced in evidence, that the plaintiff purchased a four-door 1955 Chevrolet sedan from the

defendant Colcord on September 19, 1957. In addition, there was evidence of the following facts:

He was dispossessed of a similar automobile on May 2, 1960, by Thomas E. Holland, Jr., who represented himself to the plaintiff to be a staff adjuster of the defendant's insurance company. On this date, the plaintiff was summoned to a gathering consisting of his commanding officer, an F.B.I. agent, a provost marshal, Holland and an attorney representing the plaintiff. He was there informed that he was driving a stolen car and that if he did not give it up he would go to jail. Upon this, he surrendered the automobile to Holland, who receipted for it, signing his name as "Staff Adjuster" of the defendant insurance company.

The engine number on this receipt did not correspond with that on the conditional sale agreement which the plaintiff received when he bought the car from Colcord, nor with the engine number on the "Lien satisfied" receipt which he got from the Shawmut Bank, to whom the conditional sale agreement had been assigned, when he paid the bank the final payment due on February 20, 1959. Neither did the engine number on the conditional sale agreement agree with that on a photostatic copy of a "Loss . . . Agreement," wherein a third party purporting to be the original owner of the stolen car, had assigned his rights in it to a third party insurance company on October 25, 1957.

In this situation, we cannot say as a matter of law that the Court was compelled to find that the plaintiff had made out a prima facie case against Colcord so that it might be argued that the burden of going forward had shifted to this defendant. 77 C.J.S., Sales, s. 365, p. 1285; see *Skopes Rubber Corp.* v. *United States Rubber Co.*, 299 F. 2d 584 (1st Cir. 1962). The Court could accept or reject such portions of the testimony as he saw fit (*Clover &c. Co.* v. *Smith Co.*, 96 N. H. 491, 493), and he did not have to believe even uncontradicted testimony of the plaintiff. *Bill* v. *Company*, 90 N. H. 453, 456-457; *Goodwin* v. *Johnson*, 105 N. H. 294.

In view of the disparity in engine numbers, among other reasons, the Court was not compelled to believe that the car taken from the plaintiff by Holland was the one sold to him by Colcord. The verdict for the defendant Colcord is therefore supported by the record.

Having reached this conclusion, the Court could also find that the plaintiff had not satisfied his burden of showing that he had

a good title to the automobile which the defendant insurance company took from him. The Court could have believed that the surrender of possession of this car, in the presence of the plaintiff's lawyer, and in the surrounding circumstances, was consistent with awareness on the plaintiff's part that he did not possess a good title. The finding that the plaintiff had not sustained his burden of proof against this defendant is warranted.

If it is only in exceptional cases that testimony becomes incredible as a matter of law (*Romano* v. *Company*, 95 N. H. 404), it is likewise true that rarely can our court hold that testimony must be believed. *Lumbermen's Mut. &c. Co.* v. *Rozan*, 92 N. H. 328, 330; *LePage* v. *Company*, 97 N. H. 46, 49.

In conclusion, we cannot say that the verdicts of the Court are without support in the record. The order is

*Judgment on the verdicts for both defendants.*

All concurred.